## THE BERMUDA.[1]

*(District Court, E. D. New York.* December 9. 1885.)

CARRIER—OF GOODS BY SHIP—DAMAGE TO CARGO—THEFT OF JEWELRY—BILL OF LADING—EXCEPTIONS—CONCEALMENT OF VALUE—LIABILITY.

Libelant shipped on board the steam-ship Bermuda a trunk containing jewelry, under a bill of lading, in which the trunk was described as "merchandise," which contained the clause "weight and contents unknown," and a provision that the carrier should not be accountable for jewelry contained in any package shipped under a bill of lading unless the value was therein expressed, and extra freight paid. Libelant did not inform the carrier that the trunk contained jewelry. The trunk was opened during the voyage by some person unknown, and part of the jewelry abstracted. *Held*, on suit brought against the steam-ship for the loss, that libelant could not recover.

In Admiralty.

[1] Reported by R. D. & Wyllys Benedict, Esqs., of the New York bar.

*Ullo, Ruebsamen & Hubbe*, for libelant.
*Butler, Stillman & Hubbard*, for claimant.

BENEDICT, J. The facts of this case are as follows: The libelant, Isaac H. Pereira, shipped on board the steam-ship Bermuda, to be transported therein from New York to Trinidad, a small-sized trunk. The trunk was shipped as merchandise under a bill of lading taken, in which the trunk was described as "one trunk merchandise," without any statement as to the value of the contents of the trunk; and which also contained a provision that the carrier was not to be accountable for jewelry contained in any package or parcel shipped under a bill of lading unless the value thereof be therein expressed, and such extra freight as might be agreed on paid. The words "weight and contents unknown" were inserted in the bill of lading before signing. The trunk, when taken on board, was placed in a regular freight compartment of the vessel, with other merchandise destined for Trinidad. In the course of the voyage the steamer stopped at various points of the Windward islands, from St. Kitts down to Trinidad, and on reaching the latter port the trunk was found to have been opened, and the fact was then first disclosed that the trunk contained jewelry. For a part of the jewelry missing from the trunk this action is brought. How the trunk came to be open does not appear, nor is it shown that the breaking of the trunk was the result of the manner or the place of stowage.

Upon these facts no recovery can be had. The case is different from the case of *Lebeau* v. *General S. Nav. Co.*, L. R. 8 C. P. 88, cited by the libelant, because of the provision in the bill of lading respecting jewelry. By this bill of lading the contract was to safely carry and deliver the trunk with its contents for a certain freight, provided the contents were not jewelry. But as to any part of the contents consisting of jewelry there was no contract to carry and deliver the same, owing to the omission to state the value of the jewelry, and arrange for its freight as jewelry. Such is the legal effect of a clause in the bill of lading like the one under consideration. What responsibility would attach to the vessel if it had appeared that the opening of the trunk and the purloining of its contents had been the result of any neglect on the part of the ship to bestow upon the trunk the care required for its safety as a trunk containing ordinary merchandise need not be considered. The case contains no testimony from which to infer that the loss of the jewelry arose from the neglect of any precaution required to be taken in respect to a trunk of ordinary merchandise. Libel dismissed.